FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 APR 8 AM 9 31

STEPHAN HARRIS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

| | |
|---|---|
| ARETHA D. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-CV-072-SWS |
| ) | |
| STATE OF WYOMING, et al., ) | |
| ) | |
| Defendant(s). ) | |

---

## ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE

---

This matter comes before the Court on Plaintiff's *pro se Motion to Proceed In Forma Pauperis*. (ECF No. 2.) The Court, having carefully considered the motion and reviewed Plaintiff's Complaint, and being otherwise fully advised, FINDS and ORDERS as follows:

Plaintiff filed this action on March 26, 2013, attempting to bring seven claims for relief pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the U.S. Constitution, apparently arising out of her allegedly false arrest for stalking. Accompanying her Complaint is the present Motion to Proceed *In Forma Pauperis* ("IFP") and Supporting Affidavit in which she requests to proceed without paying the required filing fee.

Under 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [showing] that the person is unable to pay such fees or give security therefor." Despite its use of the phrase "prisoner possesses," § 1915(a) applies to all persons applying for IFP status, not just to prisoners. *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). The statute further provides, "Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). "Thus, in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In her supporting affidavits, Plaintiff represents she has less than $60.00 in cash or other assets, however she states she receives varied income from self-employment as a model/IT consultant/entrepreneur, without indicating the amount of such income. Plaintiff also indicates income from charitable assistance loans, again without indicating the amount. The Court finds Plaintiff has submitted insufficient information to definitively determine whether she has the financial inability to pay the required filing fees.

Regardless, however, Plaintiff has not presented a reasoned, nonfrivolous argument on the law and facts in support of her claims. A complaint must contain "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "plausibility standard" is not a probability requirement, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Accordingly, complaints that "offer[] labels and conclusions[,] a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement," fail to state a claim upon which relief may be granted. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotations omitted).

In the Tenth Circuit, this "plausibility requirement" has been recognized as requiring the plaintiff's factual allegations to be enough that, if accepted as true, the plaintiff plausibly (not just speculatively) has a claim for relief. *See Gee v. Pacheco*, 627 F.3d 1178, 1183-84 (10th Cir. 2010). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). "The *Twombly* standard may have greater bite in the context of a § 1983 claim against individual government actors, because they typically include complex claims against multiple defendants." *Id.* (quoting *Robbins*, 519 F.3d at 1249) (internal quotations

omitted). "[I]t is particularly important in such circumstances that the complaint make clear *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins*, 519 F.3d at 1250 (emphasis in original).

Plaintiff has simply taken a complaint drafted for a different case and blacked out names, dates and facts, leaving little more than conclusory legal allegations and factual snippets clearly inapplicable to her case. Most of the blacked out information is not replaced with information specific to her case. Although she names only the State of Wyoming as a Defendant in the caption, Plaintiff appears to be asserting a claim against the City of Jackson, Wyoming as well (blacking out "Casper" and hand-writing "Jackson" in its place). Plaintiff includes her claim pursuant to the Wyoming Governmental Claims Act within her Complaint, but it is unclear whether she has actually filed a claim with the appropriate entity. The only indication that her claims arise out of an arrest for stalking come from two letters drafted by attorneys on Plaintiff's behalf which she has attached to her Complaint. Though these letters reference an arrest and charge for stalking, they likewise contain few facts regarding the incident. Thus, the Court is left to speculate as to the factual basis for any of the claims asserted in Plaintiff's Complaint. Even construing Plaintiff's *pro se* Complaint liberally, the Court finds it is patently obvious the Plaintiff cannot prevail on the paucity of facts she has alleged, and it would be futile to give her an opportunity to amend her Complaint in light of its significant deficiencies and apparent

inapplicability to her particular circumstances. *See Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001). THEREFORE, it is hereby

ORDERED that Plaintiff's *Motion to Proceed In Forma Pauperis* (ECF No. 2) is DENIED and her Complaint is DISMISSED WITHOUT PREJUDICE.

Dated this 8th day of April, 2013.

Scott W. Skavdahl
United States District Judge